T.C. Summary Opinion 2007-118

UNITED STATES TAX COURT

EDMUND T. MACMURRAY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent*

Docket No. 6596-06S.                    Filed July 11, 2007.

Edmund T. MacMurray, pro se.

Michael Bitner, for respondent.

FOLEY, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

---

* This opinion replaces our previously filed opinion, T.C.
Summary Opinion 2007-90, which was withdrawn by order on July 6,
2007.

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

and this opinion shall not be treated as precedent for any other case. The issues for decision are whether petitioner may exclude from income a settlement award relating to a lawsuit and is liable for a section 6662(a) accuracy-related penalty.

## Background

Petitioner is a licensed attorney in the State of Michigan. Prior to 2001, he worked, for 13 years, as an employee for the Internal Revenue Service. In 2001, petitioner was an employee of Duro-Last Roofing, Inc. (Duro-Last), a roofing company based in Saginaw, Michigan. On September 11, 2001, Duro-Last terminated petitioner's employment. In response, on December 5, 2001, petitioner filed a Complaint and Jury Demand (the complaint) with the Circuit Court of Saginaw County, Michigan. The complaint alleged that Duro-Last had violated the State of Michigan Whistleblower's Protection Act, and that, based on Duro-Last's wrongful actions, petitioner suffered damages.

Subsequent to the filing of the complaint, the matter was referred to mediation. In 2003, as a result of mediation, Duro-Last paid petitioner $80,000. In addition to its payment, Duro-Last issued petitioner a Form 1099-MISC, Miscellaneous Income. Petitioner attached the Form 1099-MISC to his Form 1040, U.S. Individual Income Tax Return, but did not include the settlement award in gross income.

On January 3, 2006, respondent sent petitioner a notice of

deficiency relating to 2003. Respondent determined that petitioner failed to report the settlement award and was liable for a section 6662(a) accuracy-related penalty. On April 5, 2006, petitioner, while residing in Boynton Beach, Florida, filed his petition with the Court.

## Discussion

Petitioner contends that the settlement award he received was compensation for personal injuries and, pursuant to section 104(a)(2), is excludable from gross income. Respondent contends that the settlement award should have been included in petitioner's gross income.

Section 104(a)(2) provides that gross income does not include "the amount of any damages * * * received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". Thus, an amount may be excluded from gross income only when it was received both: (1) Through prosecution or settlement of an action based upon tort or tort type rights, and (2) on account of personal injuries or sickness. See Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995); sec. 1.104-1(c), Income Tax Regs.

Petitioner contends that his settlement award meets the requirements of section 104(a)(2). Petitioner, however, did not incur any medical expenses, consult with a medical professional,

or inform Duro-Last of any physical injury or sickness. In short, petitioner's settlement award was not received on account of physical injury and is therefore includable in his gross income.[2]

Respondent in his notice of deficiency determined that petitioner was liable for a section 6662(a) accuracy-related penalty. Section 6662(a) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Sec. 6662(b)(2). An understatement is the amount by which the correct tax exceeds the tax reported on the return. Sec. 6662(d)(2)(a). The understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6662(d)(1)(A)(i) and (ii).

An understatement is reduced by the portion of the understatement that is attributable to the tax treatment of an item for which there is substantial authority or with respect to which there is adequate disclosure and a reasonable basis. See sec. 6662(d)(2)(B); sec. 1.6662-4(a), (e)(2)(i), Income Tax Regs. Reasonable basis is a "relatively high standard of tax reporting, that is, significantly higher than not frivolous or not patently improper." Sec. 1.6662-3(b)(3), Income Tax Regs. The reasonable

---

[2] Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

basis standard is not satisfied by a return position that is merely arguable or a colorable claim. Id. Petitioner did disclose the receipt of his settlement award by attaching the Form 1099-MISC and an explanatory addendum to his return. He did not, however, have a reasonable basis for his position. Thus, a reduction in the understatement, for purposes of the accuracy-related penalty, is not warranted.

Section 6664(c)(1) provides that no penalty shall be imposed if a taxpayer demonstrates that there was reasonable cause for the underpayment and the taxpayer acted in good faith. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances, including the experience, knowledge, and education of the taxpayer. See sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner maintains that he attached the Form 1099-MISC to his return as "a good-faith effort to show that * * * [he] had received something that wasn't subject to tax." Petitioner, a lawyer who had previously worked with the Internal Revenue Service, failed, however, to make even a minimal effort to determine whether his position was correct. In short, he did not act with reasonable cause when he failed to report his settlement award as taxable income. Accordingly, he is liable for the section 6662(a) accuracy-related penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.